Fill in this information to identify your case:

Debtor 1: MARCEA S. BRYANT
(First Name) (Middle Name) (Last Name)

Debtor 2:
(Spouse, if filing) (First Name) (Middle Name) (Last Name)

United States Bankruptcy Court for the: Eastern District of Michigan

Case number 16-42904-MBM
(if known)

# Official Form 427

## Cover Sheet for Reaffirmation Agreement      12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

### Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

**1. Who is the creditor?**
DFCU FINANCIAL
Name of the creditor

**2. How much is the debt?**
On the date that the bankruptcy case is filed   $ 80,664.66

To be paid under the reaffirmation agreement   $ 80,664.66

$ 480.55 per month for 168 months (if fixed interest rate) APPROXIMATELY

**3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).)**
Before the bankruptcy case was filed    3.63 %

Under the reaffirmation agreement    3.63 %  ☑ Fixed rate
                                             ☐ Adjustable rate

**4. Does collateral secure the debt?**
☐ No
☑ Yes. Describe the collateral.  2123 CHEVROLET STREET, YPSILANTI, MI 48198

Current market value  $ UNKNOWN

**5. Does the creditor assert that the debt is nondischargeable?**
☑ No
☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

**6. Using information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts.**

Income and expenses reported on Schedules I and J

6a. Combined monthly income from line 12 of Schedule I   $ _____

6b. Monthly expenses from line 22c of Schedule J   $ _____

6c. Monthly payments on all reaffirmed debts not listed on Schedule J   – $ _____

6d. **Scheduled net monthly income**   $ _____
Subtract lines 6b and 6c from 6a.
If the total is less than 0, put the number in brackets.

Income and expenses stated on the reaffirmation agreement

6e. Monthly income from all sources after payroll deductions   $ _____

6f. Monthly expenses   – $ _____

6g. Monthly payments on all reaffirmed debts not included in monthly expenses   – $ _____

6h. **Present net monthly income**   $ _____
Subtract lines 6f and 6g from 6e.
If the total is less than 0, put the number in brackets.

Debtor 1  **MARCEA   S.   BRYANT**  
First Name   Middle Name   Last Name

Case number (if known) **16-42904-MBM**

| 7. Are the income amounts on lines 6a and 6e different? | ☐ No<br>☐ Yes. Explain why they are different and complete line 10. _____ |
|---|---|
| 8. Are the expense amounts on lines 6b and 6f different? | ☐ No<br>☐ Yes. Explain why they are different and complete line 10. _____ |
| 9. Is the net monthly income in line 6h less than 0? | ☐ No<br>☐ Yes. A presumption of hardship arises (unless the creditor is a credit union).<br>Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10. |
| 10. Debtor's certification about lines 7-9<br><br>If any answer on lines 7-9 is *Yes*, the debtor must sign here.<br><br>If all the answers on lines 7-9 are *No*, go to line 11. | I certify that each explanation on lines 7-9 is true and correct.<br><br>✘ _____    ✘ _____<br>Signature of Debtor 1                Signature of Debtor 2 (Spouse Only in a Joint Case) |
| 11. Did an attorney represent the debtor in negotiating the reaffirmation agreement? | ☐ No<br>☑ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?<br>☐ No<br>☑ Yes |

### Part 2: Sign Here

Whoever fills out this form must sign here.

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement*.

✘ **/S/ NICOLE M. SMITHSON (P55394)**         Date **04/21/2016**
Signature                                                                                          MM / DD / YYYY

**NICOLE M. SMITHSON**
Printed Name

Check one:

☐ Debtor or Debtor's Attorney
☑ Creditor or Creditor's Attorney

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

IN RE:

Case No. 16-42904-mbm
Chapter 7
Hon. MARCI B. MCIVOR

MARCEA S. BRYANT

Debtor.
_____/

## REAFFIRMATION AGREEMENT WITH DFCU FINANCIAL

### PART A: BEFORE AGREEING TO REAFFIRM A DEBT, REVIEW THESE IMPORTANT DISCLOSURES

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

    1.    Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

    2. Complete and sign Part D and be sure you can afford to make the payments you are agreement to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

    3.    If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

    4.    If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

    5.    The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

    6.    If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation agreement is presumed to be an undue hardship as explained in Part D.

    7.    If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interest, except that no court approval is required if your reaffirmation is for a consumer debt secured

1

by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

8. Miscellaneous questions and information:

*Your right to rescind (cancel) your reaffirmation agreement.* You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order or before the expiration of the 60 day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (canceled) by sending a "NOTICE OF RESCISSION" to HOLZMAN CORKERY, PLLC, 28366 FRANKLIN ROAD, SOUTHFIELD, MI 48034.

*What are your obligations if you reaffirm the debt?* A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

*Are you required to enter into a reaffirmation agreement by any law?* No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

*What if your creditor has a security interest or lien?* Your bankruptcy discharge does not eliminate any lien on your property. A lien is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

## SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code

**AMOUNT REAFFIRMED:** __$80,664.66__ is the amount of debt you have agreed to reaffirm. Your loan and/or security agreement(s) may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your loan and/or security agreement(s).

**ANNUAL PERCENTAGE RATE:** __3.625%__

**Simple Interest Rate:** N/A

**Variable Interest Rate:** N/A

Your debt is secured by a security interest, which has not been waived in whole or in part, or determined to be void by a final order of the court at the time of this disclosure. The undersigned creditor is asserting a security interest of lien in goods for some or all of the debts you are reaffirming as follows:

**ITEM OF COLLATERAL:** __2123 Chevrolet Street, Ypsilanti, MI 48198__

**ORIGINAL LOAN AMOUNT:** __$87,000.00__

I (we) agree to reaffirm the debts arising under the credit agreement described below. The above sum of money shall be paid in installments. The current installment amount due is **$480.55** per month, and said installment is due on **March 1, 2016**. A like sum shall be due on the same day of each month thereafter unless the terms of your loan and/or security agreement(s) provide for an installment payment increase or decrease during the term of the loan and/or security agreement(s). Said installment payments shall continue until the entire reaffirmed amount, plus interest and/or any other additional amounts which may become due after the date of this disclosure, have been paid in full. The terms and conditions of your loan agreement(s) and/or security agreement(s) shall continue in full force and effect.

This Reaffirmation Agreement is being entered into for the purpose of retaining possession of secured property, to-wit: **2123 Chevrolet Street, Ypsilanti, MI 48198**. **The original amount financed was: $87,000.00**. The creditor is hereby granted a continuing security interest in said property, and the terms and conditions of the loan agreements and/or security agreements shall continue in full force and effect.

**NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the Creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the Reaffirmation Agreement is held.

## PART B: TERMS OF REAFFIRMATION AGREEMENT

I (we) agree to reaffirm the debts arising under the credit agreement described below. The above sum of money shall be paid in installments. The current installment amount due is **$480.55** per month, and said installment is due on **March 1, 2016**. A like sum shall be due on the same day of each month thereafter, unless the terms of your loan and/or security agreement(s) provide for an installment payment increase or decrease during the term of the loan and/or security agreement(s). Said installment payments shall continue until the entire reaffirmed amount, plus interest and any other additional amounts which may become due after the date of this disclosure, have be paid in full. The terms and conditions of your loan agreement(s) and/or security agreement(s) shall continue in full force and effect.

This Reaffirmation Agreement is being entered into for the purpose of retaining possession of secured property, to-wit: **2123 Chevrolet Street, Ypsilanti, MI 48198**. The creditor is hereby granted a continuing security interest in said property, and the terms and conditions of the loan agreement(s) and/or security agreement(s) shall continue in full force and effect.

Except as expressly set forth below, the terms and conditions of the loan and/or security agreement(s) remain in full force and effect:

Dated:
Borrower: *(signature)*
**MARCEA S. BRYANT, Debtor**

Co-Borrower
_____, Debtor

Date: 4-20-16
*[signature]*
**TAMARA A. WHITE (P57276)**
bankruptcy@holzmanlaw.com
**TAMARA D. PEARSON (P56265)**
**NICOLE M. SMITHSON (P55394)**
ecfbankruptcy@holzmanlaw.com
**HOLZMAN CORKERY, PLLC**
Attorney for Creditor
28366 Franklin Road, Southfield, MI 48034
(248) 352-4340

---

### PART C: CERTIFICATION OF DEBTOR'S ATTORNEY (IF ANY):

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

Date: 4/20/16          *[signature]*
                       WILLIAM C. BABUT (P41099)
                       Attorney for Debtor
                       700 Towner Street
                       Ypsilanti MI 48198
                       wbabut@babutlaw.com
                       734/485-7000

---

### PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT *WITH* A CREDIT UNION:

I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and completed and signed reaffirmation agreement.

Borrower:                              Co-Borrower
X *[signature]* Marcia Bryant
**MARCEA S. BRYANT, Debtor**           _____, Debtor

*Alternate Part D:* **DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT WITH NON-CREDIT UNION CREDITOR:** *N/A*

~~I believe this reaffirmation agreement will not impose an undue hardship on my dependants or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take-home pay plus any other income received) is $_____, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total~~